IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BYRD | : | CIVIL ACTION |
| | : | NO. 19-2776 |
| | : | |
| v. | : | CRIM. ACTION |
| | : | NO. 13-152 |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM**

**SCHMEHL, J.   /s/ JLS**                                                                  **JUNE 23, 2020**

    Petitioner was charged with murder and robbery in Middlesex County, New Jersey, and arrested on the New Jersey warrant in Lancaster County, Pennsylvania, on March 21, 2012. At the time of his arrest inside a residence, drugs and two handguns were discovered and connected to him. Petitioner was indicted on the murder and robbery charges in New Jersey on September 25, 2012.

    On April 2, 2013, the Petitioner was indicted by federal authorities on one count of possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Two), one count of possession of a firearm by a convicted felon 18 U.S.C. § 922(g)(1) (Count Three) and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count Four).

    Petitioner remained in state custody in New Jersey until October 22, 2013, at which time he was brought into temporary federal custody via writ of habeas corpus ad prosequendum, to address his federal charges. Petitioner plead guilty to his federal

1

charges on August 13, 2014, before the Honorable Lawrence F. Stengel.[1] Specifically, Petitioner agreed to a "C plea" pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under the plea agreement, the parties agreed that the appropriate sentence in this matter was 101 months imprisonment, a six-year period of supervised release, a fine in an amount to be determined by the Court, a $400 special assessment, and abandonment and forfeiture of the two firearms, ammunition, bullet proof vest, two stun guns, three digital scales and other items.

On November 24, 2014, Judge Stengel sentenced Petitioner to 101 months imprisonment, consisting of 41 months on Counts One, Three, and Four, to run concurrently with each other, and 60 months on Count 2 (the § 924(c) charge), to run consecutively. Judge Stengel did not address the relation of the federal sentence to the New Jersey state case in terms of it running concurrently or consecutively. On December 22, 2014, Petitioner was returned to New Jersey to litigate his state case there.

Petitioner eventually reached a plea agreement with the New Jersey prosecutor and plead guilty to a reduced charge of manslaughter – committed recklessly, and the robbery charge was dismissed as part of the plea. On August 17, 2016, as per the plea agreement, Petitioner was sentenced to a term of 10 years' imprisonment on the manslaughter charge, **to run concurrently to his federal sentence**, with time credit of 1610 days. Petitioner's projected release date on the New Jersey sentence is September 18, 2020. He has not yet begun to serve his federal sentence of 101 months' imprisonment imposed by Judge Stengel. Petitioner has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 along with a *pro se* motion to have the Federal Bureau of Prisons ("BOP") designate *nunc pro tunc* the state prison in which he is presently serving

---

1 Judge Stengel retired from the federal bench in 2018.

his sentence as his detention site for purposes of the service of his federal sentence. For the reasons that follow, the writ is granted and the motion is granted in part.

In support of his request for habeas relief, Petitioner asserts (1) there was a breach of the federal plea agreement which, he claims, called for the federal sentence to run concurrently with the New Jersey sentence, and (2) he is receiving "multiple punishments for the same criminal act."

With regard to the first argument, the record is completely devoid of any agreement between the United States and Petitioner that the federal sentence would run concurrently with a New Jersey state sentence that had not yet even been imposed. There is no such language in Petitioner's federal plea agreement, and there was no such acknowledgement during Petitioner's guilty plea colloquy. In addition, Judge Stengel was silent on the issue of whether the federal sentence would run concurrently or consecutively with any future state sentence. In fact, at the time his federal sentence was imposed, it was unknown how Petitioner's state charges would even be resolved.

Petitioner's second argument that he is being punished twice for the same crime is also without merit. The federal drug and firearm charges had absolutely no connection to the New Jersey homicide prosecution, thereby making it impossible for Petitioner to have been punished twice for either criminal episode.

Petitioner's motion to have the BOP designate *nunc pro tunc* the state prison in which he is presently serving his sentence as his detention site for purposes of the service of his federal sentence effectively seeks to have his federal and state sentences run concurrently rather than consecutively, thereby allowing him to receive credit for the time he has spent in state prison serving his state sentence toward the previously

imposed federal sentence that he has not yet served. In short, Petitioner seeks a retroactive concurrent federal sentence.

The BOP does indeed have the authority "to have a state facility designated *nunc pro tunc* as a place of federal confinement where [a Defendant] could gain credit against his federal sentence for the time he served there." *Barden v. Keohane*, 921 F. 2d 476, 482-83 (3d Cir. 1990); 18 U.S.C. § 3621(b); P.S. § 5160.05. Resolution of the issue "is a matter within the Bureau's sound discretion." *Id.* at 493. Pursuant to this authority, the BOP conducted a review of the Petitioner's state and federal sentences, and determined that there are two permissible alternative outcomes for Defendant. First, if the state and federal sentences are determined to run concurrently, as per statute, the 60-month sentence imposed on Count Two (the 924(c) count) will commence upon Petitioner's parole on his New Jersey sentence, and his transfer into federal custody. This is because a *nunc pro tunc* designation would be inappropriate for the 60-month portion of Petitioner's sentence for his conviction under 18 U.S.C. § 924(c). That statute prohibits concurrent service of a sentence imposed pursuant to it with any other state or federal sentence. 18 U.S.C. § 924(c)(1)(D)(ii)[2]; cf. *United States v. Jackson*, 470 Fed. App'x 324, 328-29 (5th Cir. 2012) (unpublished) (recognizing that a *nunc pro tunc* designation is inappropriate for a § 924(c) conviction); see also: BOP Program Statement 5160.05, ¶ 7e. ("No concurrent designation will be considered when statutory language mandates consecutive service ....").

In the alternative, the BOP proposes that if the federal and state sentences are deemed to run consecutively, the full 101-month federal sentence will not start to run

---

[2] 18 U.S.C. § 924(c)(1)(D)(ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried or possessed.

4

until Petitioner is paroled on the NJ sentence, and is so transferred into federal custody.

This Court notes that the state court judge specifically ordered that the Petitioner's state sentence was to run concurrently with the Petitioner's federal sentence. In addition, the government has proposed that the Court recommend to the BOP that Counts One, Three and Four of the federal sentence run concurrently with the New Jersey sentence with the 60-month sentence imposed on Count Two (the 924(c) count) commencing upon Petitioner's parole on his New Jersey sentence, and his transfer into federal custody. As noted by the government, "[s]uch a decision . . . would honor both the intent of the New Jersey court, as well as the proper imposition of the consecutive statutory mandatory minimum penalty in the federal case for [Petitioner's] 924(c) conviction." [ECF 5, at p. 8.] This Court agrees. Therefore, the Court will recommend to the BOP that Counts One, Three and Four of the federal sentence run concurrently with the New Jersey sentence but that the 60-month sentence imposed on Count Two (the 924(c) count) of the federal sentence shall runs consecutive to the state sentence and commencing upon Defendant's parole on his New Jersey sentence, and his transfer into federal custody

An appropriate Order follows.